UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **BRENDA BLACKMON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) CAUSE NO: 2:14-cv-273 |
| | ) |
| **IAC GREENCASTLE, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff, Brenda Blackmon ("Blackmon"), brings this lawsuit against Defendant, IAC Greencastle, LLC ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

2.  Blackmon has resided within the Southern District of Indiana at all relevant times.

3.  Defendant operates and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5.  Blackmon was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6.  Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7.  Blackmon satisfied her obligations to exhaust her administrative remedies, having timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission. She received her "Dismissal and Notice of Rights" on her Charge and now timely files her lawsuit within 90 days after receipt of the Notice.

8.  Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Blackmon is female.

10. Defendant hired Blackmon in or about March 1998.

11. Blackmon was an Electrician Apprentice in the Maintenance Department when she was fired on or about October 18, 2012.

12. Blackmon's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

13. Only three females out of more than thirty employees worked in the Maintenance Department. Ten males (and no females) worked as Die Setters, even though Maintenance Department and Die Setter Apprentices took the same apprenticeship tests.

14. Certain Defendant presses and machines required safety lock outs be activated or in place when the presses and machines were being worked on or run.

15. However, at all relevant times, Defendant had a deviation procedure/policy in place that provided that Presses 702 and 704 robot cages could be entered without locking out the robot, press, or air.

16. In or about October 2012, Neil Johnson ("Johnson") was working in Press 702 Robot Cage with the lock out in place on the safety control panel.

17. Blackmon stood outside Press 702 Robot Cage for the purpose of handing any necessary tools into the cage to Johnson.

18. At no time did Blackmon hand any tools into the cage to Johnson.

19. Blackmon was not working on or inside the cage.

20. Consistent with the deviation policy/procedure, Blackmon did not have any lock out in place while awaiting instructions from Johnson to hand a tool to him.

21. Safety Director Aaron Henson ("Henson") asked Blackmon why two people were around the cage when only one lock was in place. Blackmon informed Henson that only Johnson was working on the cage and reminded him about the deviation policy.

22. On or about October 16, 2012, Defendant suspended Blackmon for purportedly violating its lock out policy/procedure, notwithstanding the fact that Press 702 Robot Cage could be entered without locking out the robot, press, or air in accord with the deviation policy.

23. Defendant fired Blackmon on or about October 18, 2012.

24. Defendant has accorded more favorable treatment to similarly-situated male employees accused of violating its safety policies, including, but not limited to, Don Neville, Fred Regan, Clint Hall, and Daryl Stahl.

25. Before her suspension and then subsequent termination, Blackmon had no notice her employment was in jeopardy.

26. Defendant did not provide progressive discipline to Blackmon.

27. Defendant terminated Blackmon because of her sex (female).

28. Blackmon filed a grievance over her termination.

29. Defendant has not restored or reinstated Blackmon.

30. Defendant has taken adverse employment actions against Blackmon because of her sex, including, but not limited to, suspending her, terminating her, and not reinstating her.

31. Any reason proffered by Defendant for the adverse actions it has taken against Blackmon is pretextual.

32. Blackmon has suffered injury as a result of Defendant's unlawful actions.

### SEX DISCRIMINATION – TITLE VII

33. Blackmon hereby incorporates paragraphs 1-32 of her Complaint.

34. Defendant took adverse employment actions against Blackmon because of her sex.

35. Blackmon's sex was a motivating factor in the adverse employment actions Defendant took against her.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Blackmon's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Brenda Blackmon, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Blackmon to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Blackmon;

3. Defendant pay compensatory and punitive damages to Blackmon;

4. Defendant pay pre- and post-judgment interest to Blackmon;

5. Defendant pay Blackmon's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Blackmon any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Brenda Blackmon

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
	bwilson@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Brenda Blackmon, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49